■ YOUNG HOUSE INTERNATIONAL, LTD., Appellant, v BRITISH TRADERS INSURANCE Co., Respondent, et al., Defendants.—Order entered in the Supreme Court, New York County, on November 27, 1974 granting defendant-respondent's motion for summary judgment and denying plaintiff-appellant's cross motion for summary relief, unanimously modified, on the law, so as to deny summary judgment to defendant-respondent and otherwise affirmed, without costs or disbursements. Plaintiff shipped knitted goods from Hong Kong to New York via Pan American Airways. The shipment was insured by defendant-respondent under an all risk policy and covered "the risks from the factory in Hong Kong * * * to the warehouse at Kennedy Airport". The insurer undertook to pay losses "according to English Law and Usage." On July 5, 1969 plaintiff was notified of the arrival of the shipment at Kennedy Airport. While in the airport warehouse a portion of the goods valued at over $28,000 was stolen through the use of forged documents on July 19, 1969. The policy should be interpreted in accordance with English law and usage. No proof of the English law or usage was submitted to Special Term. Appellant asserts that under English law and usage the coverage continued until plaintiff asserted dominion over

the goods and not merely when they were placed in the warehouse at Kennedy Airport. Whether under English law and usage the factory-to-warehouse coverage terminated upon arrival and storage of the goods at the Kennedy Airport warehouse presents a question of fact. There is some question whether the parties intended coverage to continue for so long as the goods were not in the insured's dominion and control. Upon examination of the policy and the record as presented to Special Term, we are unable to determine the question of coverage as a matter of law. We have concluded that the question of coverage, and the extent thereof, under the English law should not be determined without affording the parties the opportunity to present proper extrinsic evidence at a plenary trial. Concur—Stevens, P. J., Murphy, Lupiano, Lane and Nunez, JJ.